FILED
CLERK, U.S. DISTRICT COURT
9/23/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: _____VAV_____ DEPUTY

STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
SAMUEL J. DIAZ (Cal. Bar No. 304503)
Assistant United States Attorney
International Narcotics, Money Laundering,
 and Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3045
     Facsimile: (213) 894-6269
     E-mail:    samuel.diaz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 2:22-cr-00435-JFW |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARTHA CATALINA ESPARZA ARELLANO |
| v. | |
| MARTHA CATALINA ESPARZA ARELLANO, | |
| Defendant. | |

1.   This constitutes the plea agreement between Martha Catalina Esparza Arellano ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authority.

## DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

   a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the

Court, appear and plead guilty to a two-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with two counts of assault by striking, beating, or wounding, in violation of 18 U.S.C. § 113(a)(4) and 49 U.S.C. § 46506.

      b.    Not contest facts agreed to in this agreement.

      c.    Abide by all agreements regarding sentencing contained in this agreement.

      d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

      e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

      f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

      g.    Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

## THE USAO'S OBLIGATIONS

3.    The USAO agrees to:

      a.    Not contest facts agreed to in this agreement.

      b.    Abide by all agreements regarding sentencing contained in this agreement.

      c.    At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction

in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

d. Except for criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not further criminally prosecute defendant for violations of 49 U.S.C. § 46504 arising out of defendant's conduct described in the agreed-to factual basis set forth in paragraph 9 below.  Defendant understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.  Defendant agrees that at the time of sentencing the Court may consider the uncharged conduct in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed after consideration of the Sentencing Guidelines and all other relevant factors under 18 U.S.C. § 3553(a).

e. Recommend that defendant be sentenced to a term of imprisonment no higher than the low end of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 7 or higher.  For purposes of this agreement, the low end of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A, without regard to reductions in the term of imprisonment that may be permissible through the substitution of community confinement or home detention as a result of the offense level falling within Zone B or Zone C of the Sentencing Table.

NATURE OF THE OFFENSES

4.  Defendant understands that for defendant to be guilty of the crime charged in counts one and two, that is, assault by striking, beating, or wounding, in violation of Title 18, United States Code, Section 113(a)(4), and Title 49, United States Code, Section 46506, the following must be true: (1) defendant assaulted S.S./H.H. by striking, beating, or wounding S.S./H.H., and this forcible action involved actual physical contact with S.S./H.H.; and (2) the assault took place on an aircraft in the special aircraft jurisdiction of the United States.

PENALTIES AND RESTITUTION

5.  Defendant understands that the statutory maximum sentence that the Court can impose for each violation of Title 18, United States Code, Section 113(a)(4), and Title 49, United States Code, Section 46506, is: one year imprisonment; a one year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6.  Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: two years imprisonment; a one year period of supervised release; a fine of $100,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

7.  Defendant understands that defendant will be required to pay full restitution to the victims of the offenses to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the

Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty.

8.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

## FACTUAL BASIS

9.   Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 11 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On December 11, 2021, defendant boarded British Airways flight 281 from London, England to Los Angeles, California. During the course of the flight, and while in the special aircraft jurisdiction of the United States, defendant became intoxicated and physically assaulted British Airways flight attendant S.S. by slapping him in the face. In addition, defendant physically assaulted passenger H.H. by pulling H.H.'s hair and ear.

## SENTENCING FACTORS

10. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

11. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

   Base Offense Level:            7        [U.S.S.G. § 2A2.3(a)]
   Multiple Counts               +2        [U.S.S.G. § 3D1.4]

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

12. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

14. Defendant understands that by pleading guilty, defendant gives up the following rights:

   a. The right to persist in a plea of not guilty.

   b. The right to a speedy and public trial by jury.

   c. The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

   d. The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e. The right to confront and cross-examine witnesses against defendant.

   f. The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

   g. The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF VENUE

15. Having been fully advised by defendant's attorney regarding the requirements of venue with respect to the offenses to which defendant is pleading guilty, to the extent the offenses to which defendant is pleading guilty were committed, begun, or completed outside the Central District of California, defendant knowingly, voluntarily, and intelligently waives, relinquishes, and gives up: (a) any right that defendant might have to be prosecuted only in the district where the offenses to which defendant is pleading guilty were committed, begun, or completed; and (b) any defense, claim, or argument defendant could raise or assert based upon lack of venue with respect to the offenses to which defendant is pleading guilty.

## WAIVER OF APPEAL OF CONVICTION

16. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

17. Defendant agrees that, provided the Court imposes a term of imprisonment within or below the range corresponding to an offense

level of 7 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; (f) the amount and terms of any restitution order, provided it requires payment of no more than $10,000 and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

18. The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 7 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEAS</u>

19. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its

obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## RESULT OF VACATUR, REVERSAL OR SET-ASIDE

20. Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

## EFFECTIVE DATE OF AGREEMENT

21. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

22. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

23. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

        c.    Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

<u>COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES</u>

24.    Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

25.    Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 11 are consistent with the facts of this case. While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

26. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

27. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//
//
//

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

28. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

/s/                                              9/15/2022
SAMUEL J. DIAZ                                   Date
Assistant United States Attorney

_____                  9/13/22
MARTHA CATALINA ESPARZA ARELLANO                 Date
Defendant

_____                  9/14/22
VICKI PODBERESKY                                 Date
Attorney for Defendant MARTHA
CATALINA ESPARZA ARELLANO

CERTIFICATION OF DEFENDANT

This agreement has been read to me in Spanish, the language I understand best. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of

14

any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____  9/13/22
MARTHA CATALINA ESPARZA ARELLANO    Date
Defendant

### CERTIFICATION OF INTERPRETER

I, Sean Fallon, am fluent in the written and spoken English and Spanish languages. I accurately translated this entire agreement from English into Spanish to defendant MARTHA CATALINA ESPARZA ARELLANO on this date.

_____  9/13/22
INTERPRETER                         Date

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARTHA CATALINA ESPARZA ARELLANO's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision

15

to enter into this agreement is informed and voluntary; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____      9/14/22
VICKI PODBERESKY                          Date
Attorney for Defendant MARTHA
CATALINA ESPARZA ARELLANO

# EXHIBIT A

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>           v.<br><br>MARTHA CATALINA ESPARZA ARELLANO,<br><br>           Defendant. | CR No.<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 113(a)(4): Assault by Striking, Beating, or Wounding; 49 U.S.C. § 46506: Application of Certain Criminal Laws to Acts on Aircraft]<br><br>[CLASS A MISDEMEANOR] |

The United States Attorney charges:

COUNT ONE

[18 U.S.C. § 113(a)(4); 49 U.S.C. § 46506]

On or about December 11, 2021, while on an aircraft in the special aircraft jurisdiction of the United States, namely, British Airways Flight 281 from London, England to Los Angeles, California, which landed in Los Angeles County, within the Central District of California, defendant MARTHA CATALINA ESPARZA ARELLANO assaulted S.S. by intentionally striking and beating him, specifically, by slapping S.S. in the face with her hand.

COUNT TWO

[18 U.S.C. § 113(a)(4); 49 U.S.C. § 46506]

On or about December 11, 2021, while on an aircraft in the special aircraft jurisdiction of the United States, namely, British Airways Flight 281 from London, England to Los Angeles, California, which landed in Los Angeles County, within the Central District of California, defendant MARTHA CATALINA ESPARZA ARELLANO assaulted H.H. by intentionally striking and beating H.H., specifically, by pulling H.H.'s hair and ear.

E. MARTIN ESTRADA
United States Attorney

*Christina Shay for SMG*

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

SAMUEL J. DIAZ
Assistant United States Attorney
International Narcotics, Money Laundering, and Racketeering Section

# CERTIFICATE OF SERVICE

I, **SANDRA POWELL**, declare:

That I am a citizen of the United States and a resident of or employed in Los Angeles County, California; that my business address is the Office of United States Attorney, 312 North Spring Street, Los Angeles, California 90012; that I am over the age of 18; and that I am not a party to the above-titled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose direction I served a copy of:
**PLEA AGREEMENT FOR DEFENDANT MARTHA CATALINA ESPARZA ARELLANO**

**service was:**

☐ Placed in a closed envelope for collection and inter-office delivery, addressed as follows:

☐ Placed in a sealed envelope for collection and mailing via United States mail, addressed as follows:

☐ By hand delivery, addressed as follows:

☐ By facsimile, as follows:

☐ By messenger, as follows:

☐ By Federal Express, as follows:

☒ By e-mail, as follows:

Vicki I. Podberesky
E-mail: vpod@aplaw.law

This Certificate is executed on **September 22, 2022**, at Los Angeles, California. I certify under penalty of perjury that the foregoing is true and correct.

SANDRA POWELL